UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLY FINANCIAL INC., *et al.*, | Case No. 3:24-cv-00268-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| MOUNTAIN WEST AUTO GROUP LLC, *et al.*, | |
| Defendants. | |

I.      SUMMARY

In this action, Plaintiffs Ally Financial Inc. ("Ally"), Ally Bank ("Ally Bank," collectively with Ally, "Ally Parties"), and Motor Insurance Corporation ("MIC"), bring two breach of contract claims and seek to recover debt owed to them for secured loans made by non-parties MRH Auto-Reno, LLC ("MRH Reno"), MRH Auto-Winnemucca, LLC ("MRH Winnemucca," together with MRH Reno, "Dealerships"), and MRH Auto Enterprises LLC ("MRH Enterprises"), that were guaranteed by Defendants Mountain West Auto Group LLC[1] and Kevin E. Sheppard. (ECF No. 1 ("Complaint").) Before the Court are Defendants' Motion for Summary Judgment (ECF No. 65 (Defendants' Motion))[2] and Plaintiffs' Motion for Summary Judgment (ECF No. 67 ("Plaintiffs' Motion")).[3] As discussed below, the Court finds that there is no genuine dispute of material fact as to Plaintiffs' claims for breach of contract and thus will grant Plaintiffs' Motion as to their

---

[1]Plaintiffs filed a request for Clerk's entry of default against Defendant Mountain West Auto Group LLC under Federal Rule of Civil Procedure 55. (ECF No. 46.) The Clerk of Court subsequently granted its request on October 28, 2024. (ECF No. 60.)

[2]Plaintiffs responded (ECF No. 71) and Defendants replied (ECF No. 75).

[3]Plaintiffs move in the alternative for partial summary judgment on a revised debt amount determined by the Court. Defendants responded (ECF No. 73 ("Defendants' Response")) and Plaintiffs replied (ECF No. 76 "Plaintiff's Reply")). Defendants additionally filed a motion to strike the waiver argument raised in Plaintiffs' Reply. (ECF No. 77 ("Motion to Strike").)

alternative request for partial summary judgment. The Court will deny Defendants' Motion and their Motion to Strike.

## II.    BACKGROUND[4]

The MRH Parties entered into various loan agreements with the Ally Parties in 2019 for secured loans to finance the Dealerships' acquisition of parts, new and used vehicles of inventory, and the Dealerships' operations. There were four agreements in total: two Inventory Financing and Security Agreements (ECF Nos. 68-1; 68-1 ("Inventory Financing Agreements")), a Commercial Loan and Security Agreement (ECF No. 68-3 ("Term Loan Agreement")), and an Advance Agreement (ECF No. 68-4). In June 2021, Sheppard acquired the MRH Parties by stock purchase agreement. (ECF Nos. 67 at 13; 68 at 5.) Sheppard entered into a Cross Collateral, Cross Default, and Guarantee Agreement (ECF No. 68-5 ("Cross Agreement")) and three guarantee agreements (ECF No. 68-7 ("Sheppard Guarantees")), personally guaranteeing the obligations owed to Plaintiffs by the MRH Parties.

In May 2023, the Ally Parties determined that the Dealerships had breached their Inventory Financing Agreements, which also constituted defaults of the Term Loan Agreement, Advance Agreement and Cross Agreement, and the Ally Parties sent notices of default and demand for immediate payment from the Dealerships and Sheppard. (ECF Nos. 68-8; 68-9; 68 at 7.) The parties negotiated and entered into an Agreement for the Voluntary Surrender of Collateral that allowed the Ally Parties to repossess the vehicle collateral. (ECF No. 68-10.) On July 24, 2023, the Ally Parties provided Notifications of Disposition of Collateral to the Dealerships and Defendants. (ECF No. 68-11.) The same day, the Dealerships filed voluntary bankruptcy petitions under Title 11 of the Bankruptcy Code. (ECF No. 68-12.) The Ally Parties filed Motions for Relief from the Automatic Stay to repossess and dispose of collateral, which the bankruptcy court granted on November

---

[4]The parties do not dispute the underlying factual background. (ECF No. 73 at 8 (Defendants state that "[t]he Ally Parties' concise statement of material facts summarizes all of the loan agreements between the parties.")). A short summary of the factual background relevant to the disposition of this case follows.

2

6, 2023. (ECF No. 68-13.) After applying proceeds from the Ally Parties' disposition of Collateral, there are still outstanding amounts owed to Plaintiffs totaling $6,735,015.42 as of July 23, 2025. (ECF Nos. 68 at 10-11; 67 at 18.)

Under the terms of the Cross Agreement and the Sheppard Guarantees, Plaintiffs were entitled to seek payment from Sheppard. Sheppard has not paid the remaining debt, nor reasonable attorneys' fees and costs incurred by Plaintiffs in enforcing their rights. Arising from these undisputed facts, Plaintiffs bring two causes of action for breach of contract arising from (1) breach of the Cross Agreement and (2) the breach of the Sheppard Guarantees. They seek to recover $6,735,015.42—the outstanding amount left unpaid—from Sheppard.

## III.   DISCUSSION

To avoid repetition, the Court will address the Motions as they pertain to each claim and counterclaim, while bearing in mind the parties' burdens on summary judgment. The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences

3

in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

### A.   Breach of Contract Claims

Plaintiffs move for summary judgment on their breach of contract claims and as to damages in the amount of $6,735,015.42, or alternatively, partial summary judgment on a revised debt amount determined by the Court. (ECF No. 67 at 8.) Plaintiffs argue, and Defendants do not disagree, that there is no genuine dispute of material fact as to the breach of contract claims. Specifically, Plaintiffs argue that there are no disputes of material fact that Sheppard entered into the Cross Agreement and Sheppard Guarantees but has refused to pay the amounts owed to Plaintiffs. (*Id.* at 20-23.)

Under Nevada law, a claim for a breach of contract requires the plaintiff to demonstrate three elements: "(1) the existence of a valid contract; (2) a breach by the defendant and (3) damages as a result of the breach." *Cohen-Breen v. Gray Television Grp., Inc.*, 661 F. Supp. 2d 1158, 1171 (D. Nev. 2009). Here, the Court agrees with the parties that there is no genuine dispute as to any material fact related to the breach of contract for the claims concerning the Cross Agreement and the Sheppard Guarantees. Accordingly, the Court finds that Plaintiffs are entitled to partial summary judgment on their breach of contract claims, because the record shows that "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. at 322.

However, the Court cannot grant Plaintiffs summary judgment as to the requested sum of $6,735,015.42. While Defendants do not present any evidence or argument as to damages beyond challenging whether Plaintiffs may claim a deficiency after selling collateral, *see infra*, Plaintiffs' Motion indicates that the requested sum may not be accurate. Plaintiffs' Motion states that the Ally Parties accepted an offer to purchase 80 of the used vehicles repossessed from the Dealerships for a sum of $200,975, and that the closing would occur sometime within 90 days of when Plaintiffs' Motion was filed. (ECF No. 67 at 17.) Plaintiffs further state that "when received, the Ally Parties will apply the net proceeds to reduce the amount owed, including, if applicable, by partially

4

satisfying any judgment granted." (*Id.*) Because it appears that the amount Plaintiffs requested may not be current, the Court cannot grant judgment as to the requested sum of $6,735,015.42.

Accordingly, the Court will grant Plaintiffs' Motion as to their alternative request for partial motion for summary judgment relating to their breach of contract claims, but the specific amount requested is denied. The Court will permit supplemental briefing as to the current sum of the debt due.

### B. Jurisdiction

Defendants state in their Motion that "[i]t is possible that the factual and legal issues that must be resolved in this motion for summary judgment . . . may fall under the original and exclusive jurisdiction of the Bankruptcy Court" as core proceedings. (ECF No. 65 at 2.) Plaintiffs state that this action is not a core bankruptcy proceeding and note that Defendants do not affirmatively argue that the Court lacks jurisdiction.[5] (ECF No. 71 at 2.) The Court agrees with Plaintiffs. Because Plaintiffs bring two breach of contract claims to recover debt from Defendant Sheppard—who guaranteed the debts of the now-bankrupt Dealerships—this is not a core-proceeding. *See Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) ("Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered non-core.") Thus, to the extent that Defendants challenge the Court's jurisdiction, the Court rejects this argument.

### C. NRS § 482.516

Defendants, in their Motion and in their Response to Plaintiffs' Motion, argue that Plaintiffs' failure to comply with NRS § 482.516 discharges Defendants from their guarantees. (ECF Nos. 65 at 24; 73 at 11-19). Defendants claim that while the Ally Parties' July 24, 2023 Notice of Disposition may have complied with Article 9 of the UCC, it is deficient because it failed to comply with "heightened" notice requirements that apply

---

[5]Indeed, Defendants do not, stating that they "are not advocating that the issues in this motion are or are not core matters." (ECF No. 65 at 4.)

when collateral includes a motor vehicle under this statutory provision. (ECF No. 65 at 19-20.) Citing to *In re Dinan*, 425 B.R. 583 (Bankr. D. Nev. 2010), Defendants argue that Plaintiffs are barred from recovering any deficiency after an improperly noticed sale. (*Id.* at 21-23.) Plaintiffs counter that the agreements between the Ally Parties and the Dealerships are loan and financing agreements, not agreements for the "sale or lease of a vehicle" under the statute. (ECF No. 71 at 6.) Plaintiffs additionally argue that Defendants failed to plead NRS § 482.516 as an affirmative defense and waived the defense because they failed to raise it in their answer. (*Id.* at 5-6.) The Court generally agrees with Plaintiffs.

The parties make extensive arguments as to the applicability of the bankruptcy court's finding *In Re Dinan*, 425 B.R. 583, 588 (Bankr. D. Nev. 2010). Defendants rely exclusively on *In re Dinan* to support their argument that their obligations as guarantors are discharged because *Dinan* held that "[a] secured creditor who violates NRS [§] 482.516 may keep the proceeds as to the improperly noticed sale, but may not sell subsequent collateral, for there is no deficiency." (ECF No. 65 at 7.) Even assuming, *arguendo*, that *Dinan* is relevant to this case,[6] Defendants' argument is fatally deficient because the bankruptcy court subsequently reversed its decision, finding that it had improperly applied NRS § 482.516. *See In re Dinan*, 448 B.R. 775, 781 (B.A.P. 9th Cir. 2011). The court clarified that this statutory provision applies "where a vehicle or piece of construction equipment is sold to a buyer under a security agreement," not where the party with the security interest in property "took a security agreement on equipment and vehicles in the Debtors' possession and filed a financing statement [under the UCC]." *In re Dinan*, No. 07-05073-GWZ (Bankr. D. Nev. April 14, 2010) (ECF No. 73 at 3-4). Moreover, the Court finds that the notice requirements of NRS § 482.516 do not apply here, because this action concerns Defendants' breach of the Cross Agreement and Sheppard Guarantees. Accordingly, the Court finds that Defendants are not entitled to

---

[6]As Plaintiffs point out, *Dinan* does not apply because the facts of the case "did not involve inventory financing or a personal guaranty." (ECF No. 71 at 7.)

6

summary judgment on the basis of the Ally Parties' failure to comply with the notice requirements of NRS § 482.516.[7]

In sum, the Court grants Plaintiff's Motion as to their alternative request for partial summary judgment and denies Defendants' Motion.

## IV.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiffs' Motion for Summary Judgment (ECF No. 67) is granted in part and denied in part. Plaintiffs' Motion is granted as to their alternative request for partial summary judgment that Defendants breached the Cross Agreement and the Sheppard Guarantees. Plaintiff's Motion is denied as to the requested amount of $6,735,015.42.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 65) is denied.

It is further ordered that Defendants' Motion to Strike (ECF No. 77) is denied.

It is further ordered that Plaintiffs may file a supplemental brief as to the amount of the debt owed under the Cross Agreement and the Sheppard Guarantees within 15 days. Defendants will have 15 days to respond. The supplemental brief and the response brief will be limited to 5 pages.

///

///

---

[7]The Court additionally denies Defendants' Motion to Strike Plaintiffs' (ECF No. 76). (ECF No. 77.) Defendants suggest that Plaintiffs should have preemptively raised a waiver argument in their Motion for Summary Judgment, and because they did not, they cannot raise it in their Reply. (ECF No. 76 at 3.) Plaintiffs counter that they properly raised their waiver argument as a reply to Defendants' Response, which raises NRS § 482.516 as an affirmative defense. (ECF No. 78 at 3.) The Court agrees with Plaintiffs and will deny the Motion to Strike.

DATED THIS 17th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE