UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLY FINANCIAL INC., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>MOUNTAIN WEST AUTO GROUP LLC, *et al.*,<br><br>Defendants. | Case No. 3:24-cv-00268-MMD-CLB<br><br>ORDER |

## I.   SUMMARY

Plaintiffs Ally Financial Inc., Ally Bank (collectively, "Ally Parties") and Motor Insurance Corporation brought an action alleging breach of contract claims, seeking to recover debt owed to them for secured loans made by nonparties ("Dealerships") in various Inventory Financing Agreements that were guaranteed by Defendants Mountain West Auto Group LLC ("Mountain West") and Kevin E. Sheppard. (ECF No. 1 ("Complaint").) The Court denied Defendants' motion for summary judgment and granted Plaintiffs' motion for partial summary judgment (ECF No. 65 ("Motion")) in part as to Plaintiffs' breach of contract claims and denied it in part as to the amount requested. (ECF No. 81 ("Order").) The Court ordered the parties to file limited supplemental briefing as to the amount owed under the Agreements. (*Id.* at 7.) Plaintiffs filed their supplemental brief. (ECF No. 83.) Defendant Sheppard filed his supplemental brief (ECF No. 85)[1] in response

---

[1]Plaintiffs then filed a motion for leave to file a reply to Defendant's Supplemental Brief (ECF No. 87) and Defendant opposed (ECF No. 89). The Court finds a reply to be unnecessary here and denies Plaintiff's motion.

and a motion to certify a question of law to the Nevada Supreme Court (ECF No. 84 ("Motion to Certify")).[2]

For the reasons explained herein, the Court will grant summary judgment to Plaintiffs as to the requested amount and deny Defendant's Motion to Certify.[3]

## II.    BACKGROUND[4]

On March 17, 2026, the Court granted Plaintiffs' Motion in part as to their request for partial summary judgment that Defendant breached the Cross Agreement and the Sheppard Guarantees ("Agreements"). (ECF No. 81 at 7.) The Court denied the Motion as to the requested amount of $6,735,015.42 because the Motion—filed in July 2025—indicated that the requested amount may not be current at the time the Order was issued.[5] (*Id.*) Specially, Plaintiffs' Motion indicated that 80 used vehicles lacked marketable title for which Plaintiffs had received a purchase offer, but the closing had yet to occur. (ECF No. 67 at 17.) Defendants[6] did not challenge Plaintiffs' computation of the balances due under the Agreements in their response to Plaintiff's Motion, though they noted that Plaintiffs did not disclose the amount received from the "vehicles with marketable title issues." (ECF No. 73 at 8.) Instead, Defendants' response reiterated the argument they

---

[2]Plaintiffs responded (ECF No. 88) and Defendant replied (ECF No. 90).

[3]As the Court previously noted in its Order, Plaintiffs filed a request for Clerk's entry of default against Defendant Mountain West under Federal Rule of Civil Procedure 55 (ECF No. 46), which the Clerk of Court granted (ECF No. 60). (ECF No. 81 at 1 n.1.) Plaintiffs have not moved for entry of default judgment against Defendant Mountain West. However, given the differences in how the parties referred to each other in the then-pending motions for summary judgment, the Court referred to "Defendants" in its Order. Here, the Court refers to "Defendant" singularly hereinafter, as only Defendant Sheppard appears in the motions currently before the Court. Moreover, Plaintiffs will need to resolve their claims against Defendant Mountain West—either seek default judgment, seek dismissal, or some other resolution to dispose of the claims—before final judgment may be entered in this case.

[4]The Court incorporates its Order (ECF No. 81) and the relevant legal standard therein.

[5]Plaintiffs' Motion included a thorough explanation of Dealerships' bankruptcy proceedings, the disposition of portions of the Collateral that had already been completed, and the balances currently due under the Agreements. (ECF No. 67 at 15-18.)

[6]Mountain West and Sheppard purported to file the response.

made in their own motion for summary judgment that the Ally Parties' "Notifications of Disposition of Collateral failed to comply with [the notice requirements] of NRS 482.516" and "this non-compliance extinguished any deficiency claim." (ECF No. 73 at 20.)

The Court will first address the parties' supplemental briefs and then turn to the Motion to Certify.

## III.    DISCUSSION

### A.    Plaintiffs' and Defendant's Supplemental Briefs

Plaintiffs state in their supplemental brief, citing to a declaration from Todd Heney, a custodian of records for Plaintiffs, that in October 2025, the Ally Parties sold the remaining 80 vehicles that lacked marketable title to LKQ Corp, "a provider of alternative aftermarket, specialty salvage and recycled auto parts and services to repair and accessorize vehicles, on an 'as is' basis for the sum of $200,975." (ECF No. 83 at 3.) The Ally Parties incurred $47,419.51 in auction storage fees related to these vehicles before the sale. (*Id.*) Therefore The Ally Parties applied the net proceeds of $153,555.49 to the amounts owed by Defendant, resulting in a total deficiency of $6,581,459.93. (*Id.*)

Defendant's supplemental brief exceeds the scope of the Court's Order. Defendant raises a new argument, stating: "the issue before the Court is narrow: whether Plaintiffs [] have met their burden to establish entitlement to a deficiency following disposition of collateral." (ECF No. 85 at 1.) Defendant insists that Plaintiffs are not entitled to *any* deficiency under NRS § 104.9626[7], because Plaintiffs failed to provide sufficient proof that Plaintiffs sold a portion of the collateral in a commercially reasonable manner. (ECF No. 85 at 4-5.)

As an initial matter, the Court determined that Plaintiffs were entitled to a deficiency in its Order. The Court finds that Defendant's late-raised argument—that Plaintiffs are not

---

[7]NRS § 104.9626(a) states that in an action arising from a transaction in which a deficiency is in issue, a "secured party need not prove compliance with the provisions of this part relating to collection, enforcement, disposition or acceptance unless the debtor or a secondary obligor places the secured party's compliance in issue." Under section 104.9626(c), the deficiency may be limited if the secured party fails to prove compliance under section 104.9626(b). *See* NRS §§ 104.9626(a)-(d).

entitled to any amount under the Agreements because they failed to meet their burden of proof as to commercial reasonableness—is untimely and unpersuasive. First, Defendant waived this defense because he failed to plead commercial reasonableness.[8] Moreover, even if Defendant had not waived this defense in his answer, he failed to raise commercial reasonableness under NRS § 104.9626 in his own motion for summary judgment. Indeed, Defendant states:

> . . . Mr. Sheppard's Motion for Summary Judgment only raised Ally's non-compliance with NRS 482.516 as the sole basis for commercial reasonableness. Please see ECF 65 Pages 18-23. The summary judgment motion intentionally did not raise other aspects of Ally's disposition of the collateral in order to avoid genuine issues of material fact.

(ECF No. 85 at 2.)[9] Finally, Defendant even failed to meaningfully respond to Plaintiffs' Motion, which specifically addressed the commercial reasonableness of the disposition of collateral.[10] Defendant invokes *Camarillo v. McCarthy*, 998 F.2d, 638 (9th Cir. 1993), to argue that he may raise an affirmative defense now absent a showing of prejudice, while also maintaining that he "place[d] commercial reasonableness at issue (with respect to NRS 482.516) in his motion for summary judgment." (*Id.* at 3.) The Court declines to

---

[8]The Court previously found that Defendant waived an argument as to NRS § 482.516 because he failed to plead it as an affirmative defense. (ECF No. 81 at 6.) To the extent Defendant now argues that he pled a commercial reasonableness affirmative defense in his Answer by generally denying paragraphs 52 and 56 of the Complaint (ECF No. 85 at 3), the Court does not agree. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (stating that the "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense" and noting that defendants' answer "alleg[ing] that 'plaintiff's claims are barred by the applicable state of limitations'" was sufficient notice for a statute of limitations defense.).

[9]As discussed *supra*, the Court finds that Defendant did not place commercial reasonableness at issue in his Motion for Summary Judgment.

[10]Defendant now exclaims in his supplemental brief that "[i]t is one thing to rule that NRS 482.516 is inapplicable. It is quite another to enter judgment in favor of Ally without submitting the factual aspects of commercial reasonableness to the trier of fact." (ECF No. 85 at 3.) Defense counsel seems to overlook that it was their responsibility to raise issues of disputed material fact in response to Plaintiffs' Motion.

address this argument now. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").[11]

Having reviewed the parties' supplemental briefing and Plaintiffs' Motion, the Court finds that Plaintiffs have provided sufficient undisputed evidence as to the outstanding amounts owed under the Agreements. Moreover, Defendant has failed to present any dispute of material fact as to this amount. Accordingly, the Court will grant summary judgment to Plaintiffs as to the outstanding debt due under the Agreements in the amount of $6,581,459.93.

## IV.    MOTION TO CERTIFY

Defendant's Motion to Certify requests the Court to certify a question of law to the Nevada Supreme Court, specifically, whether NRS § 482.516 applies to the Inventory Financing Agreements involved in this case. (ECF No. 84 at 8.) Plaintiffs counter that Defendant failed to satisfy the criteria for certifying a question of law to the Nevada Supreme Court, and protest that the Motion to Certify is "an ill-disguised motion for reconsideration" that also fails to meet the standard for a proper reconsideration motion[12]. (ECF No. 88 at 1-4.)

Nevada Rule of Appellate Procedure 5 allows the Nevada Supreme Court to use its discretion to "answer questions of law certified to it by. . . a United States district or bankruptcy court" if the question of state law "may be determinative of the cause then pending in the certifying court" and "there is no controlling precedent in the decisions of

---

[11]Defendant raises new, scattershot arguments, including that the Ally Parties' sale of other vehicles "equates to approximately $2,500 per vehicle, demonstrating failure to obtain fair market value"; "Ally delayed disposition… causing depreciation"; "Ally's claimed title issues were self-created"; and that "[t]he Nevada DMV has a 'Duplicate Title' form on its website." (ECF No. 85 at 4-5.) Even if the Court considered these arguments on the merits, which it need not, *see Zamani*, 491 F.3d at 997, Defendant has failed to provide sufficient evidence to support any of these claims.

[12]The Court notes that Defendant recites the same assertions raised in his supplemental brief. However, the Court agrees with Defendant that he brings his Motion under NRAP 5. (ECF No. 90 at 2.) Accordingly, the Court declines to address the Plaintiffs' response brief to the extent it pertains to the standard for a motion for reconsideration.

the Supreme Court or Court of Appeals of this state." NRAP 5(a). The certification procedure "'rests in the sound discretion of the federal court'." *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). Moreover, "[t]he certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003).

The Court finds that the issue Defendant seeks to certify—whether NRS § 482.516 applies to the Inventory Financing Agreements involved in this case—does not present significant issues or important public policy ramifications. The Court finds persuasive Plaintiffs' argument that this proposed issue is unlikely to affect the outcome of many cases. Indeed, Defendant's own Motion to Certify states that only two courts have ever examined this statutory provision. (ECF No. 88 at 4.)

Accordingly, the Court denies the Motion to Certify.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

The Court previously granted summary judgment in favor of Plaintiffs and against Defendant Sheppard on their breach of contract claims and denied judgment as to the amount of damages pending further supplemental briefing. (ECF No. 81.) For the reasons discussed in the prior Order and in this order, the Court grants summary judgment in favor of Plaintiffs and against Defendant Sheppard on Plaintiffs' breach of contract claims in the amount of $6,581,459.93.

It is further ordered that Plaintiffs' Motion for Leave to File Document (ECF No. 87) is denied.

It is further ordered that Defendant's Motion to Certify (ECF No. 84) is denied.

It is further ordered that Plaintiffs must take the necessary action to resolve their claims against Defendant Mountain West within 30 days of the date of this order. Pending disposition of the claims against Defendant Mountain West, final judgment will not be entered.

DATED THIS 3rd Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE