MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorneys for Defendant Kevin E. Sheppard

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

oOo

ALLY FINANCIAL INC., a
Delaware corporation; ALLY
BANK, a Utah state chartered
bank; MOTORS INSURANCE
CORPORATION, a Michigan
corporation,

Plaintiffs

vs.

MOUNTAIN WEST AUTO GROUP
LLC, a Nevada limited liability
company; and KEVIN E.
SHEPPARD, an individual,

Defendants
_____/

Case No. 3:24-cv-00268-MMD-CLB

DEFENDANTS MOTION TO ALTER OR
AMEND JUDGMENT

**FRCP 59(e)**

Defendant Kevin E. Sheppard files the following Motion to Alter or Amend this Court's June 3, 2026 Order Granting Summary Judgment in Favor of the Plaintiffs and against the Defendant (ECF 91). This Motion is made pursuant to Fed. R. Civ. Pro. 59(e). It is based upon newly discovered evidence which could not have been obtained prior to May 14, 2026.

1

## 1.   Procedural History

This case was filed by the Plaintiffs on June 25, 2024.

On October 17, 2024 this Court entered its Order Adopting Proposed Discovery Plan and Scheduling Order (ECF 55). The dispositive motion cut-off date was July 23, 2025.

### A.   DEFENDANT SHEPPARD'S MOTION FOR SUMMARY JUDGMENT

On July 21, 2025 Defendant Sheppard filed his Motion for Summary Judgment (ECF 65).

On August 11, 2025 the Plaintiffs filed their Response to Defendant Sheppard's Motion for Summary Judgment (ECF 71).

On August 22, 2025 Defendant Sheppard filed his Reply to Plaintiffs' Response (ECF 75).

### B.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On July 23, 2025 the Plaintiffs filed their Motion for Summary Judgment (ECF 67).

On August 12, 2025 Defendant Sheppard filed his Response to Plaintiffs' Motion for Summary Judgment (ECF 73).

On August 26, 2025 Plaintiffs filed their Reply to Defendant Sheppard's Response. (ECF 76).

### C.   ORDERS AND SUBSEQUENT BRIEFING

On March 17, 2026 this Court entered its Order denying Defendant Sheppard's Motion for Summary Judgment, but granting in part and denying in part Plaintiffs' Motion for Summary Judgment (ECF 81).

The Order granted Plaintiffs' Motion as to their alternative request for partial summary judgment that Defendants breached the Cross Agreement and the Sheppard Guarantees. However, the Court further

2

stated that the Plaintiffs' Motion is denied as to the requested amount of $6,735,015.42. The parties were directed to file subsequent briefs.

On March 25, 2026 the Plaintiffs filed their post-order brief (ECF 83).

On April 6, 2026 Defendant Sheppard filed his post-order brief (ECF 85).

On April 8, 2026 Defendant Sheppard filed the supporting declaration of Michael Lehners in support of the post-order brief (ECF 86).

On June 3, 2026 this Court entered its Order granting summary judgment in favor of Plaintiffs and against Defendant Sheppard on Plaintiffs' breach of contract claims in the amount of $6,581,459.93 (ECF 91).

## 2.   The Newly Discovered Evidence

MRH Auto-Reno, LLC filed for bankruptcy under Chapter 7 of Title 11, United States Code on July 24, 2023 under Case No. BK-N 23-50502-hlb. On November 27, 2023 Ally Financial filed its Proof of Claim against MRH Auto-Reno, LLC. Please see Claim No. 33-1. A copy has been attached to Defendant Sheppard's Request for Judicial Notice as Exhibit "1".

On November 27, 2023 Motors Insurance Corporation filed its Proof of Claim filed against MRH Auto-Reno, LLC. Please see Claim No. 32-1. A copy has been attached to Defendant Sheppard's Request for Judicial Notice as Exhibit "2".

The filing of a proof of claim constitutes that creditor's consent to Bankruptcy Court jurisdiction. Please see *In re PNP Holdings Corp.*, 99 F.3d 910, 911 (9th Cir. 1996).

3

On July 23, 2025 the Chapter 7 Trustee filed an adversary complaint against Ally Financial and Motors Insurance Corporation (the Ally Defendants). Please see *W. Donald Gieseke vs. Ally Financial, Inc. et. al.* Adv. No. 25-05023-hlb. A copy of this adversary complaint has been attached to Defendant Sheppard's Request for Judicial Notice as Exhibit "3". The Trustee's Fifth Claim for Relief is an Omnibus Objection to the Ally MRH Auto-Reno Claim and the MIC MRH Auto-Reno Claim.

On Thursday, May 14, 2026 the Trustee and Ally Financial agreed to participate in a settlement conference before the Hon. Gregg W. Zive. The Chapter 7 Trustee, Ally Bank and Motors Insurance Corporation reached a complete and final settlement agreement. A copy of the transcript of the May 14, 2026 settlement conference which places the parties' settlement terms on the record has been attached to Defendant Sheppard's Request for Judicial Notice as Exhibit "4". The following provisions are relevant to this Motion:

> THE COURT: But I'm going to emphasize right now from the beginning that if the parties go on the record and say they understand the terms and they understand they're bound, subject to perhaps some change in that situation based upon what Judge Barnes does, but as between the parties, they have an agreement. They can't change it, except mutually. What I try -- what I say in a corporeal sense is there's no buyer remorse.

> Pages 3-4, Lines 21-25, and Lines 1-3

> THE COURT (continued) Those include a motion under Rule 9019, form of an order under Rule 9019, and a settlement agreement that will contain the terms of the settlement, including a mutual release from any and all Ally entities against the estate for any claims that may exist, and also a release from the estate to the Ally entities that are parties to the settlement agreement.

4

Page 35, Lines 1-6

THE COURT (continued)

The -- if I haven't said it, I should say: The settlement agreement, the 2019 motion, and like I said, the form of the order shall be prepared by counsel for an Ally, and I think that's going to be Mr. Cram from the Stinson firm. Is that correct, Mr. Cram?

MR. CRAM: Correct, Your Honor.

THE COURT: Is there anything I've overlooked or misstated, Mr. Cram?

MR. CRAM: The only thing, Your Honor, we had also agreed to waive distribution –

THE COURT: Oh, you're right. I forgot that.

MR. CRAM: -- on both the Ally proof of claim and the insurance company's proof of claim. And I believe the claims asserted by the trustee in the adversary proceeding included an objection to those claims. So this is a resolution of that claim as well.

THE COURT: You're correct, sir. I appreciate that. And I assume since you're drafting the documents, that'll be included in the settlement agreement and in the motion.

Pages 35-36, Lines 11-25, Lines 1-4

As noted by Judge Zive, the Ally Parties' release of their claims against the estate came into being on May 14, 2026. Until that date, the proofs of claim against the estate had been allowed. Please see 11 U.S.C. §502(a) - A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

5

The first Motion for Summary Judgment was filed in this case on July 21, 2025 (ECF 65). The final post-order brief was filed on April 6, 2026, and its supporting declaration was filed on April 8, 2026. At that point in time, the settlement agreement wherein the Ally Parties released their claims against MRH Auto-Reno, LLC had not yet come into being.

## 3.   Authority

### A.   SUMMARY OF ARGUMENT

The Ally Parties provided financing for MRH Auto-Reno, LLC and MRH Auto-Winnemucca, LLC. This is an action upon a guarantee signed by Defendant Sheppard with respect to those financing agreements.

This Court's June 3, 2026 Order entered judgment against Defendant Sheppard on Plaintiffs' breach of contract claims in the amount of $6,581,459.93 (ECF 91).

The payment or other satisfaction or extinguishment of the principal debt or obligation by the principal or by anyone for him discharges the guarantor. Please see *First Interstate Bank of Nevada v. Shields*, 102 Nev. 616, 619–20, 730 P.2d 429, 431–32 (1986), citing *C.J.S. Guaranty* §77 (1943) and other authorities.

Defendant Sheppard had argued in his Motion for Summary Judgment (ECF 65) that the Ally Parties had failed to comply with the requirements of NRS 482.516, and that there was no deficiency against MRH Auto-Reno and MRH Auto-Winnemucca as a matter of law. This, Defendant Sheppard argued, extinguished his guarantee of the MRH Auto-Reno and MRH Auto-Winnemucca financing agreements.

This Court disagreed.

Defendant Sheppard is not re-arguing this issue or any other that had been raised in the summary judgment and post-order briefings on file with the Court.

Rather, Defendant Sheppard is arguing under *First Interstate Bank of Nevada v. Shields*, supra, that the Ally Parties' settlement and release of its claims against MRH Auto-Reno releases him as to any liability with respect to the MRH Auto-Reno. This is a different argument. It is based upon newly discovered evidence. It is proper under Fed. R. Civ. Pro. 59(e).

B.   LEGAL STANDARD

Fed. R. Civ. Pro. 59(e) says that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

"[A]mending a judgment after its entry remains an extraordinary remedy which should be used sparingly. . . . In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Defendant Sheppard's Motion is based upon ground (2) - Newly discovered evidence. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence . . ." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

7

In order to support a motion for reconsideration of a grant of summary judgment based upon newly discovered evidence, the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing. *Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985), citing *Engelhard Industries, Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir.1963).

Defendant Sheppard meets these strict criteria. This Court took the summary judgment motions and the post-order briefings under submission. There was no hearing. The last pleading filed was the April 8, 2026 supporting declaration of Michael Lehners with respect to the post-order brief (ECF 86).

The factors that a Court should consider when determining whether or not to grant a Rule 59(e) motion are: (1) the probative value of the evidence, (2) whether the evidence was available at the time of the summary judgement motion, (3) the reason that the proponent did not present the evidence before summary judgment was effectively granted, and (4) potential prejudice to the non-moving party. *Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 906 (5th Cir. 2016).

(1) In this case, the probative value of the evidence is very high. Defendant Sheppard guaranteed the obligations of MRH Auto-Reno. The judgment amount of $6,581,459.93 will be substantially reduced when the MRH Auto-Reno deficiency is deducted from this judgment amount.

(2) The newly discovered evidence relied upon by Defendant Sheppard was not available at the time the last pleading was filed with respect to the summary judgment motions and post-order briefings.

8

(3) The reason Defendant Sheppard did not present the evidence before summary judgment was effectively granted was that it came into being on May 14, 2026. This is more than one month after the final summary judgment related pleading was filed, which was on April 8, 2026.

While this Court entered its Order granting summary judgment on June 3, 2026, it was not possible for Defendant Sheppard to supply the May 14, 2026 transcript under the local rules.

In particular LR 7-2(b), which addresses summary judgment motions states in relevant part that "The deadline to file and serve any reply in support of the motion is seven days after service of the response. Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."

LR 7-2(g) confirms that post-reply pleadings are prohibited. "(g) Supplementation prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court.".

(4) The potential prejudice to the non-moving party. Should Defendant Sheppard's Rule 59(e) Motion be granted, it will result in a lower judgment for the Ally Parties. However, the Ally Parties had been sued by the Chapter 7 Trustee, and they settled for much less than the amounts claimed by the Estate. This was a voluntary action on the part of the Allied Parties.

The factors weigh in favor of granting the Rule 59(e) motion.

## 4. Conclusion

*First Interstate Bank of Nevada v. Shields*, supra, is clear. The extinguishment of the primary obligation operates to release any guarantees of that obligation. The Ally Parties both filed proofs of claim in the MRH Auto-Reno case. Fed. R. Bank. Pro. 3001(f) discusses the rebuttable presumption of a claim's validity: "(f) A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." See also 11 U.S.C. §502. A claim filed is deemed allowed unless a party in interest objects.

The Chapter 7 Trustee sued the Ally Parties. Prior to the May 14, 2026. The Estate's settlement offer was to have Ally pay $1.8 Million. Ally's settlement offer was $150,000, which Judge Zive called a "fairly significant delta". Please see Exhibit "4", Page 5, Lines 6-17.

While the settlement is subject to Bankruptcy Court approval, it is binding and valid as of May 14, 2026. A review of the docket indicates that the Trustee has yet to file his Rule 9019 Motion to have the Bankruptcy Court approve the Settlement Agreement.

Rule 59(e) motions must be filed no later than 28 days after the entry of the judgment. The judgment in this case was entered on June 3, 2026. This motion had to be filed now in order for it to be timely.

Counsel shall continue to monitor the Bankruptcy Court docket. When the Trustee does file his motion, counsel will file a notice with this Court. Counsel will also file a notice with this Court with respect to any ruling the Bankruptcy Court may make with respect to the Trustee's 9019 Motion.

In light of the foregoing, Defendant Sheppard's Rule 59(e) motion should be granted or in the alternative that this Court defer ruling until

10

a final Order approving the May 14, 2026 settlement agreement is entered by the Bankruptcy Court.

Dated: This ___25___ day of ___June___, 2026

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

11

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on the ___ day of June, 2026, I caused the foregoing

DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT to be served on all parties to this action by:

xxx    placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at

Reno, Nevada

Michael R. Brooks
GHIDOTTI BERGER LLP
7251 W. Lake Mead Blvd., Ste. 470
Las Vegas NV 89128

Duane M. Geck, Esq.
Donald H. Cram, Esq.
Andrew S. Elliott, Esq.
STINSON LLP
595 Market Street, Suite 2600
San Francisco, CA 94105

_____    Facsimile (fax)

_____    Reno Carson Messenger Service

xx    Electronic filing with the Clerk of the Court by using ECF which will send a notice of electronic filing

fully address as follows:

Michael R. Brooks
GHIDOTTI BERGER LLP
7251 W. Lake Mead Blvd., Ste. 470
Las Vegas NV 89128
mbrookseghidottiberger.com
Attorneys for Plaintiffs

Duane M. Geck, Esq.
Donald H. Cram, Esq.
Andrew S. Elliott, Esq.
STINSON LLP
595 Market Street, Suite 2600
San Francisco, CA 94105
duane.geckastinson.com
don.cram@stinson.com
andrew.elliott@stinson.com
Attorneys for Plaintiffs

_____
Dolores Stigall